UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARY M. SICOLI, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
BENJAMIN M. SICOLI, DECEASED,

**REPORT AND
RECOMMENDATION**

12-CV-00508(S)(M)

                              Plaintiff,

v.

THE HARTFORD INSURANCE COMPANY
OF ILLINOIS,

                              Defendant.
_____

        Before me is the motion of defendant Hartford Insurance Company of Illinois ("Hartford")[1] for summary judgment [18].[2] For the following reasons, I recommend that the motion be granted in part and denied in part.

## BACKGROUND

        The action arises from a July 16, 2007 incident in which Thomas Rall was struck by an automobile operated by Benjamin Sicoli while he was performing construction work. Mr. Rall sued Mr. Sicoli and his wife, Mary Sicoli[3] in State of New York Supreme Court, County of Erie on January 7, 2008 (<u>Thomas M. Rall v. Benjamin M. Sicolli, et al</u>, Index No. 2008-344).

---

       [1]      Hartford is improperly named in the Complaint as "The Hartford Insurance Company of Illinois", whereas its correct name is "Hartford Insurance Company of Illinois". Hartford's Memorandum of Law [18-8], p. 2 n. 1.

       [2]      Bracketed references are to the CM/ECF docket entries.

       [3]      Mr. Rall's suit as against Ms. Sicoli was discontinued on August 11, 2010. Hartford's Memorandum of Law [18-8], p. 3 n. 2.

Hartford's Statement of Undisputed Facts [18-9], ¶¶3-4; Fanizzi Affidavit [18-5], Ex. A.[4] Mr. Sicoli was insured by a personal automobile insurance policy issued by Hartford, providing $100,00 in liability coverage. Id. ¶¶1, 2.

Hartford assigned Walter R. Pacer, Jr., Esq., of the Law Office of Walter R. Pacer, Jr., who it alleges was an employee of the Hartford Fire Insurance Company ("Hartford Fire"), to defend Mr. Sicoli. Id., ¶¶5-6. Mr. Pacer's letterhead indicates that the attorneys in his office are either "Employees of The Hartford Group of Affiliated Insurance Companies" (Roscetti Declaration [22], Exs. A, B) or "Employees of a Subsidiary of The Hartford Financial Services Group, Inc." Id., Ex. C. Hartford paid all expenses incurred in defending Mr. Scioli against Mr. Rall's suit. Id. ¶7.

On December 4, 2008, Mr. Sicoli was convicted in Niagara County Court of two criminal offenses arising from the accident: assault in the third degree (NY Penal Law §120.00(2)) and reckless endangerment in the second degree (NY Penal Law §120.20). Fanizzi Affidavit [18-5], Ex. D. His convictions were affirmed by the State of New York Supreme Court, Appellate Division, Fourth Department, on April 30, 2010. Id., Ex. E.

---

[4] Hartford argues that since plaintiff failed to respond to its Statement of Undisputed Facts [18-9] these facts should be deemed admitted. Omilian Reply Affirmation [28], ¶3. L.R. Civ. P. ("Local Rule") 56(a)(2) states that "[e]ach numbered paragraph in the moving party's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." Recognizing that "the local rule does not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule . . . statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record", I accept Hartford's Statement of Undisputed Facts [18-9] as true for purposes of this motion, where supported by admissible evidence. Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003).

A second action (Thomas R. Rall v. Benjamin M. Sicoli, et al., Index No. 2008-6735) was also commenced by Mr. Rall against Mr. Scioli and others (Fanizzi Affidavit [18-5], Ex. B), but Hartford declined to defend or indemnify Mr. Scioli in connection with that action, which alleged certain New York State Labor Law violations. Roscetti Declaration [22], Ex. G. By Order granted January 6, 2009, both of Mr. Rall's cases against Mr. Sicoli were consolidated. Fanizzi Affidavit [18-5], Ex. C.

On June 30, 2010, Mr. Rall moved for summary judgment in the consolidated action on the issue of Mr. Sicoli's negligence, arguing that Sicoli's criminal convictions arising from the incident collaterally estopped him from relitigating this issue. Fanizzi Affidavit [18-5]. While Mr. Rall's motion for summary judgment was pending, Mr. Pacer's relationship with Hartford ended, and Mr. Sicoli's defense was then "assigned" to Susan Owens, Esq., an attorney employed by Hartford Fire. Ciriello Affidavit [18-4], ¶7; Hartford's Statement of Undisputed Facts [18-9], ¶8. Mr. Rall's motion, which was not opposed by Mr. Sicoli, was granted on July 23, 2010 [18-7].

Although the trial, which was originally scheduled to commence on August 12, 2010, was ultimately adjourned, Mr. Scioli allegedly first learned of the trial on August 4, 2010, when he was served with a trial subpoena. Complaint [4], ¶¶ Twentieth-Twenty Second. On August 5, 2010 Hartford authorized Ms. Owens to offer $100,000 to settle the Rall lawsuit, but Mr. Rall demanded $900,000. Ciriello Affidavit [18-4], ¶¶7-8. At or about this time, Hartford "retained" Dennis Mescall, Esq. of Smith, Murphy & Schoepperle, LLP to defend Mr. Scioli. Id., ¶9.

Mr. Sicoli died on September 18, 2010, and Ms. Sicoli was appointed the representative of his estate. Complaint [4], ¶¶Second - Third. Mr. Mescall continued to represent the estate until the lawsuit was settled for $325,000 on January 30, 2012, comprised of $100,000 paid by Hartford on behalf of the estate and $225,000 paid from the Estate. Ciriello Affidavit [18-4], ¶¶9-11.[5]

The Complaint alleges, in relevant part, that Hartford:

> "failed to provide a proper and adequate defense to lawsuit brought by Thomas Rall, by such actions including, but not limited to, failing to make a motion for summary judgment on personal injury threshold issues, failing to appropriately review medical reports, failure to adequately prepare Plaintiff, failure to advise Plaintiff of up coming trial dates, failure to defend a motion for summary judgment on liability and defaulting on same, failure to advise insureds of the motion for summary judgment, neglecting the file, failure to take such actions so as to mitigate Plaintiff Thomas Rall's damages and claim for damages and, failure to conduct meetings with decedent insured, failure to obtain proper medical opinion, failure to settle the matter within policy limits."
> Complaint [4], ¶Twenty Sixth.

As a result of this alleged conduct, the estate alleges that Hartford "breached its contract of insurance" (Complaint [4] , ¶¶Twenty Eighth - Thirty Second (First Cause of Action)) and committed "professional negligence, malpractice" (id., ¶¶ Thirty Third - Thirty Seventh (Second Cause of Action)).

At the Fed. R. Civ. P. ("Rule") 16 scheduling conference, the issue of the legal sufficiency of the estate's claims was raised, and the parties agreed to a briefing schedule for Hartford's motion for summary judgment. September 5, 2012 Minute Entry and Order

---

[5] It is unclear from the record whether the $325,000 was paid to settle both of Mr. Rall's lawsuits against the Estate and how, if at all, the settlement was apportioned between the two cases.

Thereafter, Hartford moved for summary judgment, arguing that the estate's claims fail as a matter of law because "New York's Court of Appeals [in Feliberty v. Damon, 72 N.Y.2d 112 (1988)] has unambiguously held that an insurer cannot be sued for legal malpractice or breach of contract for an allegedly inadequate defense by counsel." Hartford's Memorandum of Law [18-8], p. 2.

## ANALYSIS

A.  **Summary Judgment Standard**

"Summary judgment is a drastic remedy to be granted only where the requirements of Rule 56 . . . have clearly been met." United States v. Bosurgi, 530 F.2d 1105, 1110 (2d Cir. 1976). "Only in the rarest of cases may summary judgment be granted prior to affording the nonmovant any opportunity for discovery." Lolonga-Gedeon v. Child & Family Services, 2009 WL 3698389, *3 (W.D.N.Y. 2009) (Arcara, J.); Hellstrom v. U.S. Department of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000).

Rule 56(a) requires the moving party to demonstrate "that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law". "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented* . . . . [T]he non-movant is not required to rebut an insufficient showing." Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co. 373 F.3d 241, 244 (2d Cir. 2004) (emphasis in original).

B.  **The Estate's Malpractice Claim**

In moving to dismiss this claim, Hartford argues that "[t]he undisputed facts establish that Hartford . . . retained counsel, Mr. Pacer, to defend Mr. Sicoli from the Rall Lawsuit . . . . In accordance with applicable ethical requirements, Mr. Pacer exercised independent professional judgment in representing Mr. Sicoli." Hartford's Memorandum of Law [18-8], p. 7. In response, the estate argues that Hartford has failed to establish "that the attorneys it assigned (not who Hartford Fire Insurance Company assigned), and who Defendant controlled, were truly independent even if they could establish they were not employees of Defendant directly". Roscetti Declaration [22], ¶27.[6]

Hartford relies heavily on <u>Feliberty</u>, in which the court declined to find the insurer vicariously liable for the conduct of the attorney it hired to represent its insured, explaining that "since the duty to defend an insured is by its very nature delegable . . . an insurance company is in fact prohibited from the practice of law . . . . Accordingly, the insurer necessarily must rely on independent counsel to conduct the litigation . . . . [T]he paramount interest independent counsel represents is that of the insured, not the insurer. The insurer is precluded from interference with counsel's independent professional judgments in the conduct of the litigation on behalf of its client". 72 N.Y.2d at 120.

However, in <u>Feliberty</u> the plaintiff did not "seriously dispute that the law firm retained by defendant to represent him was an independent contractor", or "that, in the conduct of his defense, the law firm was subject to defendant's actual direction and control." <u>Id</u>. at 118. The

---

[6] The Estate fails to cite any legal authority in opposition to Hartford of Illinois' motion much less submit a Memorandum of Law as required by L.R. Civ. P. 7(a)(2)(A).

question in that case was "simply whether the facts . . . [fell] within one of the recognized exceptions to the general rule that an employer is not liable for the acts of an independent contractor, and if not, whether a new exception should be recognized." Id. Accordingly, Feliberty established a general rule that "insurers are not vicariously liable for the malpractice of attorneys they retain to defend their insureds *when the lawyers are independent contractors.*" Tokio Marine and Fire Insurance Co., Ltd. v. Grodin, 2006 WL 3054321, *5 (S.D.N.Y. 2006) (emphasis added). *See* Young v. Nationwide Mutual Insurance Co., 21 A.D.3d 1099, 1101 (2d Dept. 2005) ("Generally speaking, a liability insurer may not be held vicariously liable for the lapses of *retained counsel exercising independent judgment* on behalf of the insured" (emphasis added); Schneider v. Canal Insurance Co., 1999 WL 689476, 14-15 (E.D.N.Y. 1999) ("Because *independent counsel retained* by the insurer has an attorney-client relationship solely with the insured, '[t]he insurer is precluded from interference with counsel's independent professional judgments in the conduct of the litigation on behalf of its client . . . [and is] prohibited from itself conducting the litigation or controlling the decisions of the insured's lawyer'").

"[D]etermination of whether a particular individual is an employee or independent contractor requires consideration of the degree of control the employer has over the 'methods and means by which the work is to be done.'" Dean v. City of Buffalo, 579 F.Supp.2d 391, 398 (W.D.N.Y. 2008) (Payson, M.J.) (*quoting* Harjes v. Parisio, 1 A.D.3d 680, 680-81 (3d Dept. 2003)). The record before me does not establish that, as a matter of law, Mr. Pacer or his law firm were independent contractors of Hartford. While Hartford relies on an initial Affidavit [18-4] from its Claim Consultant, Joanne Ciriello, which states that Mr. Pacer was not an employee of Hartford (id., ¶4), Ms. Ciriello later states in the same Affidavit that "Mr. Pacer resigned from

*Hartford*". Id., ¶7 (emphasis added). The inconsistency between these two statements creates an issue of fact as to whether Mr. Pacer was an independent contractor.

In an attempt to remedy this deficiency, Hartford's reply includes a second affidavit from Ms. Ciriello which states that "Mr. Pacer terminated his employment with Hartford Fire Insurance Company". Ciriello Affidavit [28-1], ¶8. Ms. Ciriello's affidavit offers no explanation as to why she previously stated that Mr. Pacer had resigned from Hartford. Even assuming that this second affidavit supplants Ms. Ciriello's earlier statement, the estate has submitted Mr. Pacer's January 25, 2008 letter to Mr. Scioli, which states, "We are staff attorneys *employed by* your insurance carrier". Roscetti Declaration [22], Ex. A. (emphasis added). That statement is sufficient to raise a triable issue of fact - especially at this pre-discovery stage.

Hartford argues that "the Estate ignores the theory of liability it actually pleaded in its Complaint - a direct malpractice claim against Hartford". Hartford's Reply Memorandum of Law [27], p. 4 of 11. While Hartford suggests that "[t]he Complaint does not allege a cause of action in vicarious liability" (id, p. 5 of 11), "vicarious liability is not an independent cause of action, under either federal or state law. It is merely a doctrine that enables, in certain circumstances, a defendant who played no part in the occurrence causing the plaintiff's injury [to] be held legally responsible for the plaintiff's injury caused by the tort of another person." Mitchell v. County of Nassau, 786 F.Supp.2d 545, 565 n. 9 (E.D.N.Y. 2011).

Hartford also argues that "[n]othing in the Complaint remotely alleges an action for vicarious liability." Hartford's Reply Memorandum of Law [27], p. 5 of 11. However, this ignores the Complaint's allegations that Mr. Pacer "was an employee of the Defendant" ([4], ¶Fourteenth) and that Hartford "through its agents, representatives and employees, failed to

provide an adequate and proper defense" (id. ¶Sixteenth), which were incorporated by reference into the estate's malpractice claim. Id., ¶Thirty Third.

The estate also argues that "[t]he entire Hartford family tree is suspect". Roscetti Declaration [22], ¶27. Hartford responds that the estate has alleged an alter ego or veil piercing theory of liability. Hartford's Reply Memorandum of Law [27], pp. 6-7 of 11. "[P]iercing the corporate veil does not constitute an independent cause of action under New York law. . . . Instead, the alter ego doctrine is a theory of liability". First Keystone Consultants, Inc. v. Schlesinger Electrical Contractors, Inc., 871 F.Supp.2d 103, 124 (E.D.N.Y. 2012). "To the extent Plaintiff seeks to impose liability . . . under an alter ego theory, it must plead such allegations in the body of the Complaint." B & E Gibson Enterprises Inc. v. Darngavil Enterprises LLC, 2013 WL 71822, *3 (M.D.Fla. 2013). Although the Complaint fails to plead this theory of liability, this makes no difference to my resolution of the motion, which does not turn on the estate's alter ego arguments.[7] Therefore, I recommend that this aspect of Hartford's motion be denied.[8]

---

[7] I also have not reached Hartford's arguments that Mr. Roscetti's Declaration offers inadmissible hearsay in form of out-of-court statements from Mr. Rall and expert testimony as to what constitutes legal malpractice because I did not consider these aspects of the Declaration in reaching my recommendation. Hartford of Illinois' Reply Memorandum of Law [27], p. 8-10 of 11.

[8] In the event the Estate's legal malpractice claim is denied, Hartford requests leave to implead additional parties as Third Party Defendants to this action. Hartford's Memorandum of Law [18-8], p. 9. If my recommendation is adopted, at that time Hartford of Illinois may file a proper motion to commence a third party action.

C.  **The Estate's Breach of Contract Claim**

1.  **Hartford's Duty to Defend**

Hartford argues that that "allegations that an insurer provided an inadequate defense are insufficient to sustain a breach of contract action against an insurer", and that "[t]he undisputed evidence shows that [it] met its obligation to defend Mr. Sicoli by assigning his defense to Pacer and subsequently to Mr. Mescall each of whom carried out the day-to-day activities of Mr. Sicoli's and the Estate's defense." Hartford's Memorandum of Law [18-8], pp. 10, 13.

However, an "insurer does not satisfy its duty to defend merely by designating independent counsel to defend the litigation" when an insured is sued. Feliberty, 72 N.Y.2d at 117. Whether that duty has been satisfied "it is a fact-based inquiry." National Casualty Co. v. Vigilant Insurance Co., 466 F.Supp.2d 533, 540 (S.D.N.Y. 2006) ("Even taking judicial notice of Vigilant's hiring of the McMillan Firm, the Court cannot conclude that Vigilant satisfied its obligations to defend Mays and Scott. Whether Vigilant fulfilled of its duty to defend remains an open question of fact, and National is entitled to offer evidence to support its claims").

At minimum, there remains an open question as to whether Hartford appointed independent counsel. *Compare with* Elm Insurance Co. v. GEICO Direct, 23 A.D.3d 219, 220 (1st Dept. 2005) ("The breach of contract claim against GEICO is not sustainable since plaintiff does not specify any contractual provision that was breached, *and because the law firm was an independent contractor for whose acts and omissions GEICO is not answerable*" (emphasis added)). Therefore, I recommend that this aspect of Hartford's motion be denied.

## 2. Hartford's Duty to Indemnify

Hartford argues that "the Estate does not allege that [it] breached its duty to indemnify the insured, nor can it, because it is undisputed that [it] paid the policy limit in contribution to settlement of the Rall Lawsuit." Hartford's Memorandum of Law [18-9], p. 11. In response, the estate argues that it alleges that Hartford "breached its contact of insurance", which includes its duty to indemnify. Roscetti Declaration [22], ¶26. Even assuming that the Complaint alleges that Hartford breached its duty to indemnify, the estate does not explain how this duty was breached when Hartford offered its policy limits and ultimately paid the policy limit in contribution to settling Mr. Rall's lawsuit. *See* McDonough v. Dryden Mutual Insurance Co., 276 A.D.2d 817, 818 (3d Dept. 2000) ("an insurer's obligation to indemnify extends only to those damages the insured is legally obligated to pay").[9]

Therefore, I recommend that Hartford's motion be granted to the extent it seeks dismissal of the estate's claim that it breached its duty to indemnify.

## CONCLUSION

For these reasons, I recommend that Hartford's motion for summary judgment [18] be granted to the extent it seeks dismissal of the estate's claim for breach of its duty to indemnify, but otherwise be denied. Unless otherwise ordered by Judge Skretny, any objections

---

[9] While Hartford speculated that in response to its motion the estate might attempt to characterize its claim as alleging bad faith (Hartford's Memorandum of Law [18-8], p. 13), the estate did not do so. In any event, such claim would be barred by the fact that there is no indication in the record that Mr. Rall offered to settled his claim within Mr. Sicoli's policy limits. *See* Tokio Marine, 803 F.Supp.2d at 204 ("Because the Macreadys have not come forward with any evidence that Kaplan offered to settle his claims for an amount less than the Macreadys' policy limit . . . , their bad faith claim against Nationwide must be dismissed").

to this Report and Recommendation must be filed with the clerk of this court by July 22, 2013 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: July 3, 2013            /s/ Jeremiah J. McCarthy  
                                                    JEREMIAH J. MCCARTHY  
                                                    United States Magistrate Judge